944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Debbie Jean Pubigee BIGGER, et al.,
Plaintiffs-Appellees-Cross-Appellants,
v.
CITY OF POCATELLO, Pocatello Police Department, Richard
Findlayson, Mayor, et al.,
Defendants-Appellants-Cross-Appellees.
 Nos. 90-35088, 89-35896.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 28, 1991.
Decided Sept. 12, 1991.
 
 Before: WALLACE, KOELSCH and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Debbie Jean Pubigee Bigger and her daughter, Samantha, filed this 42 U.S.C. § 1983 action following the shooting death of Debbie's husband, Shannon Bigger. Pocatello City Police Officers shot and killed Shannon Bigger when they came to Debbie Bigger's aid during a domestic dispute. Bigger named as defendants the individual officers and others, including the Pocatello Police Department and the City of Pocatello. The district court granted defendants' motion for summary judgment. The Biggers appeal. The defendants cross-appeal the district court's decision to deny the award of attorney fees.
 
 
 3
 We examine whether the district court erred in determining the defendants were entitled to summary judgment on the issue of whether the police used excessive force. The district court here concluded that Bigger's constitutional rights were not violated using the standard set forth in Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.1973), cert. denied, 414 U.S. 1033 (1973), and adopted by this circuit in Rinker v. Napa County, 831 F.2d 829, 831 (9th Cir.1987). Both parties failed to note in their briefs, here and before the district court, that the United States Supreme Court rejected this analysis in Graham v. Connor, 490 U.S. 386 (1989).
 
 
 4
 Eighteen days after the district court issued its decision in this case, this court issued the opinion in Reed v. Hoy, 909 F.2d 324 (9th Cir.1989), cert. denied, 111 S.Ct. 2887 (1991). In reading Graham, this court observed:
 
 
 5
 [T]hat a majority of the lower federal courts apply the Johnson v. Glick test to all excessive force claims against law enforcement officials. Graham, 109 S.Ct. at 1870. The Court condemned this practice, pointing out that section 1983 analysis must begin by analyzing the specific constitutional right allegedly infringed by the challenged application of force. Id. The Court then concluded that the fourth amendment is the specific constitutional provision governing the right of free citizens to be free from law enforcement officials' use of excessive force in the context of an arrest or investigatory stop. Id. at 1871 ("all claims that law enforcement officers had used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"). The Court pointed out that the Johnson v. Glick analysis, which turns in part on the subjective intent of the officers, is inappropriate in the fourth amendment context. Id. at 1872. As the Court noted, "[t]he Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' and 'sadism' have no proper place in that inquiry." Id. at 1873.
 
 
 6
 Reed v. Hoy, 909 F.2d at 327. The court further held that Graham should be applied retroactively. Id. at 327-28; Eberle v. City of Anaheim, 901 F.2d 814, 820 (9th Cir.1990).
 
 
 7
 Unlike Reed, reversal is not required in this case because there are no genuine issues of material fact. We may affirm on any ground finding support in the record. Marino v. Vasquez, 812 F.2d 499 (9th Cir.1987).
 
 
 8
 The Biggers did not allege, nor does the record reflect, that the police harbored any desire to search the Biggers' residence. The police went to the residence solely to aid Debbie Bigger in retrieving her clothing. The allegations hinge on whether police used excessive force which violated Shannon Bigger's constitutional rights. In this instance, the Biggers' excessive force claim is grounded in the fourth amendment prohibition on unreasonable government seizures. The United States Supreme Court explained that:
 
 
 9
 [A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement, ... nor even whenever there is a governmentally ... desired termination of an individual's freedom of movement, ... but only when there is a governmental termination of freedom of movement through means intentionally applied.
 
 
 10
 Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989) (emphasis original). For the purposes of this analysis, the facts indicate only one circumstance which may be considered a seizure; when Officer Findley shot Shannon Bigger. See Tennessee v. Garner, 471 U.S. 1, 7 (1985).
 
 
 11
 The Biggers argue that the affidavit of their expert, Los Angeles police captain Robert Michael, raises sufficient questions of fact to survive a motion for summary judgment. Nothing in Michael's affidavit calls into question whether self defense justified the shooting of Shannon Bigger. The only evidence proferred by plaintiff to counter the defendant's justification for the shooting was Debbie Bigger's affidavit asserting that she thought the police used excessive force. This affidavit contradicts her post-incident exoneration of the officer's conduct, concluding that the officer was justified in shooting her husband in self defense. Furthermore, her affidavit assertion belies her deposition testimony in which she indicates that the officers were threatened by Shannon Bigger. We conclude that Bigger's self-serving assertions in her affidavit are not significantly probative to survive a motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also, Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.").
 
 CONCLUSION
 
 12
 We affirm the district court order granting defendants' motion for summary judgment and the order denying the award of attorney fees. No attorney fees and no costs are awarded on appeal.
 
 
 13
 AFFIRMED.